# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY BROWN** | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | |
| **NORTH COAST SOM, LLC d/b/a** | ) | |
| **JIMMY JOHN'S** | ) | |
| c/o Highland Park Service Corp. | ) | |
| Statutory Agent | ) | |
| 28601 Chagrin Boulevard | ) | |
| Cleveland, Ohio 44122 | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT
### (With Jury Demand)

Now comes Anthony Brown ("Plaintiff"), by and through counsel, and for his Complaint against North Coast SOM, LLC, ("Defendant") states and alleges the following:

### INTRODUCTION

1.    This action challenges Defendant's practices and policies of failing to pay Plaintiff overtime wages earned by him and owed to him in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

### JURISDICTION AND VENUE

2.    The Court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and

omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4.     At all times relevant herein, Plaintiff was a citizen of the United States and an Ohio resident.

5.     At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6.     At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

7.     Defendant is a registered foreign corporation with its principal place of business in Cleveland, Ohio.

8.     At all times relevant herein, Defendant conducted business activities in Cuyahoga County.

9.     At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

10.     At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11.     At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

12.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

13.     Plaintiff was employed by Defendant from 2009 to 2016.

14.     Plaintiff regularly worked more than 40 hours per workweek for Defendant.

15.     Plaintiff was subject to the FLSA and was entitled to overtime at a rate of one and one-half times his regular rate of pay for all hours worked over 40 in a workweek.

16.     Defendant did not pay Plaintiff overtime at a rate of one and one-half times his respective regular rate for all hours worked over 40 in a workweek.

17.     Defendant knowingly and willfully failed to pay Plaintiff overtime compensation for the hours he worked in excess of 40 hours in a workweek.

### Failure to Keep Accurate Records

18.     Defendant failed to make, keep, and preserve records of all hours worked by Plaintiff.

19.     As a result of Defendant's record-keeping practices, much of the work performed by Plaintiff is unrecorded in Defendant's time and earnings records.

20.     Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 C.F.R. § 516.2(a)(7).

### COUNT ONE
### (Fair Labor Standards Act Violations)

21.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

22.     Defendant's practice and policy of not paying Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay for the hours he worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

23.     By engaging in the above-mentioned activities, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

24.     As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received wages due to him pursuant to the FLSA.

25.     Because Defendant violated the provisions of the FLSA as set forth above, Defendant is liable to Plaintiff for overtime pay at the rate of one and one-half times his regular rate for each hour worked in excess of 40 hours per workweek for the three-year period immediately preceding the filing of this action.

26.     Defendant is also liable to Plaintiff for liquidated damages, attorneys' fees, and costs of suit.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A.     Award Plaintiff actual damages for unpaid overtime compensation;

B.     Award Plaintiff liquidated damages in an amount equal to the unpaid overtime compensation found due to Plaintiff;

C.     Award Plaintiff pre- and post-judgment interest at the statutory rate;

D.     Award Plaintiff attorneys' fees, costs, and disbursements; and

E.     Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

**COHEN ROSENTHAL & KRAMER LLP**

 /s/ Joshua B. Fuchs
Jason R. Bristol (0072989)
jbristol@crklaw.com
Joshua B. Fuchs (0087066)
jfuchs@crklaw.com
The Hoyt Block Building – Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113
216-781-7956 [Telephone]
216-781-8061 [Facsimile]

Counsel for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

            /s/ Joshua B. Fuchs
One of the Attorneys for Plaintiff