UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY BROWN** | ) | CASE NO. 1:17-CV-00246 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREENBERG |
| | ) | |
| **NORTH COAST SOM, LLC d/b/a** | ) | |
| **JIMMY JOHN'S** | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff Anthony Brown and Defendant North Coast SOM, LLC respectfully move this Court to approve the Settlement reached by the parties and memorialized in the Settlement Agreement and General Release ("Settlement"), attached as Exhibit A.  The settlement seeks to resolve the claims Plaintiff asserted against Defendant under the Fair Labor Standards Act ("FLSA"), and the corresponding Ohio statutes relating to the payment of wages.

The parties respectfully submit that the settlement between Plaintiff and Defendant is fair and reasonable, and satisfies the criteria for approval under § 216(b) of the FLSA.  The Settlement was achieved during negotiations among the parties, conducted by experienced counsel.  If approved by the Court, the Settlement will make a substantial settlement payment to Plaintiff.

The settlement documents submitted for approval by the Court consist of the following:

Exhibit A:    Settlement Agreement and Mutual Release

Exhibit B:    Stipulated Order and Final Judgment

    Exhibit C:    Declaration of Joshua B. Fuchs

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

## I. THE ACTION

On February 6, 2017, Plaintiff initiated this action against Defendant under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). [Dkt. #1]. In his Complaint, Plaintiff claims that Defendant violated the FLSA by improperly classifying him as exempt from the overtime provisions of the FLSA, and consequently failing to pay him overtime for all hours worked over 40 in a workweek.

## II. THE NEGOTIATIONS

Prior to initiating the immediate action, Plaintiff sent a pre-suit settlement demand letter to Defendant on December 20, 2016, outlining his allegations of unpaid wages. Defendant responded, denying liability. The settlement negotiations reached an impasse shortly thereafter, and Plaintiff filed his Complaint on February 6, 2017.

The parties informally exchanged discovery shortly after the lawsuit's inception. This Court held a Case Management Conference on July 26, 2017, and converted a substantial portion of the Conference into a settlement conference. A settlement was not reached at the conference, but the parties moved closer toward doing so.

The parties continued their settlement negotiations after the Conference, and ultimately reached an agreement on September 28, 2017.

**III. THE SETTLEMENT TERMS**

If approved by the Court, the Settlement will forever resolve all issues between Plaintiff and Defendant. The Total Settlement Payment of Fourteen Thousand Dollars ($14,000), less applicable deductions, will be paid to Plaintiff.

In exchange, the Action will be dismissed with prejudice and Plaintiff will execute a Full Waiver and Release that will release Defendant from any and all claims, causes of action, charges, suits, contracts, promises, or demands of any kind, which she may now have, whether known or unknown, intentional or otherwise, from the beginning of time to the Effective Date of the Agreement. In addition, Defendant will release Plaintiff from any and all claims, causes of action, and liabilities of any kind, known or unknown, regardless of their kind, arising from the beginning of time to the Effective Date of the Agreement.

**IV. THE PROPRIETY OF APPROVAL**

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the Declaration of Joshua B. Fuchs attached as Exhibit C, and as explained below, Court approval is warranted on all scores.

**A. The FLSA fairness test.**

The court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

**B.	The Settlement is a fair resolution of a bone fide dispute.**

The payment to Plaintiff is fair, reasonable, and adequate given that there exists bona fide disputes between the parties, including whether Plaintiff is entitled to his claimed overtime compensation.  The range of possible recovery is open to dispute.  Particularly, a significant dispute exists over whether Plaintiff was improperly classified as exempt from overtime.  In addition, the Parties dispute over whether the statute of limitations should be two or three years and whether the Defendant is liable for liquidated damages.

The settlement payment to be made to Plaintiff represents approximately 84% of his recoverable wages, before deduction of attorneys' fees, assuming a three-year statute of limitation applies and the time records Plaintiff kept are accurate.  Accordingly, the settlement proceeds are fair, reasonable and adequate given the fact that Defendant disputes liability of any kind and that Plaintiff's recovery in this settlement is substantially close to the amount of compensation he would have been entitled to had he been classified as non-exempt from the FLSA as he claims in his Complaint.

**V.	CONCLUSION**

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment attached as Exhibit B.

Respectfully submitted,

| | |
|---|---|
| **COHEN ROSENTHAL & KRAMER LLP** | **MEYERS, ROMAN, FRIEDBERG & LEWIS** |
| /s/ Joshua B. Fuchs<br>Jason R. Bristol (0072989)<br>jbristol@crklaw.com<br>Joshua B. Fuchs (0087066)<br>jfuchs@crklaw.com<br>The Hoyt Block Building – Suite 400<br>700 West St. Clair Avenue<br>Cleveland, Ohio 44113<br>216-781-7956 [Telephone]<br>216-781-8061 [Facsimile] | /s/ Jonathon T. Hyman<br>Jonathan T. Hyman (0068812)<br>jhyman@meyersroman.com<br>Eaton Tower<br>28601 Chagrin Blvd., Suite 500<br>Cleveland, Ohio 44122<br>Phone (216) 831-0042, ext. 140<br>Fax: (216) 831-0542 |
| Counsel for Plaintiff | Counsel for Defendant |

### CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2017, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access the filing through the Court's system.

/s/ Joshua B. Fuchs
Joshua B. Fuchs